# NO. 12-17-00139-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER JACKSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Jackson appeals his sentence following the revocation of his community supervision. In a single issue, Appellant argues that his sentence was disproportionate to the crime for which he was convicted. We affirm.

## BACKGROUND

Appellant was charged by indictment with obstruction or retaliation.[1] The indictment further alleged that Appellant had two prior felony convictions for burglary of a habitation and delivery of a controlled substance. Therefore, the habitual offender statute was invoked, which mandates a sentence of imprisonment ranging from twenty-five to ninety-nine years or life.[2] Appellant pleaded "guilty" to the offense and pleaded "true" to the enhancements. Pursuant to a plea agreement, the trial court sentenced Appellant to deferred adjudication community supervision for six years.

On February 17, 2017, the State filed a motion to proceed with adjudication, which included a request to revoke Appellant's community supervision. On April 17, the trial court conducted a hearing on the State's motion. Appellant pleaded "true" to several of the allegations

---

[1] *See* TEX. PENAL CODE ANN. § 36.06 (West 2016).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016)

in the State's motion. The trial court found all of the State's allegations to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for twenty-five years. This appeal followed.

**CRUEL AND UNUSUAL PUNISHMENT**

In his sole issue, Appellant argues that the twenty-five year sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State***,** 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue[]"). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of obstruction or retaliation, and the habitual offender statute was invoked because of Appellant's previous history, the punishment range for

which is between twenty-five and ninety-nine years. *See* TEX. PENAL CODE ANN. §§ 12.42(d) (West Supp. 2016), 36.06 (West 2016). Thus, the sentence imposed by the trial court is the minimum set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant contends that his sentence is "grossly disproportionate." Under the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See*, *e.g.,* *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265-66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In the case at hand, the offenses committed by Appellant—obstruction or retaliation, burglary of a habitation, and delivery of a controlled substance—are more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's twenty-five

3

year sentence is far less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the present case. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the **Solem** test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845–46. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 20, 2017

NO. 12-17-00139-CR

**CHRISTOPHER JACKSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 15CR-161)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*